**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **FARMERS INSURANCE EXCHANGE,** ) <br> **TRUCK INSURANCE EXCHANGE,** ) <br> **FIRE INSURANCE EXCHANGE,** ) <br> **MID-CENTURY INSURANCE EXCHANGE** ) <br> **FARMERS NEW WORLD LIFE INSURANCE** ) <br> **COMPANY, and FARMERS INSURANCE** ) <br> **COMPANY, INC.,** ) <br> ) <br> Plaintiffs/Counter-Defendants, ) <br> ) <br> v. ) <br> ) <br> **STEVEN PHILLIPS, STEVEN D. PHILLIPS** ) <br> **INSURANCE AGENCY, INC., and FIRST** ) <br> **CHOICE INSURANCE AGENCY, LLC f/k/a** ) <br> **POPLAR BLUFF INSURANCE AGENCY,** ) <br> ) <br> Defendants/Counter claimants, ) <br> ) <br> v. ) <br> ) <br> **CLAY HURST, DENNIS LUSK, PAUL** ) <br> **CROSETTI and JEFF JUNGBLUTH,** ) <br> ) <br> Counter-Defendants. ) | No. 1:09-CV-68-SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Enforce Temporary Restraining Order (#62). Defendants have filed a Memorandum in Opposition (#66). Plaintiffs contend that the defendants have violated the terms of the Temporary Restraining Order (#14), entered May 27, 2009 by their solicitation, servicing, and/or switching of Farmers New World Life Insurance Company's (FNWL) policyholders to other insurance carriers. Specifically, plaintiffs claim that defendants have solicited, serviced and/or switched variable universal life insurance policies issued by FNWL from at least three Farmers' insured, to wit: Chelsea Edmundson, Robert Mielke and Lezza Edmundson. This

conduct, plaintiffs contend, violates that part of the TRO prohibiting the solicitation, etc. of "the insurance business of any policyholder of record in Farmers District 44 . . . ."

In response, defendants do not deny the solicitations occurred, but argue, instead, that the policies in question – variable universal life insurance policies (along with variable annuities and perhaps other kinds of policies or products) -- are in the nature of financial services, rather than life insurance policies. As such, defendants explain, the policies are not covered by the TRO, nor by the non-compete provisions of the Corporate Agent Appointment Agreement, pled in the complaint and on which the TRO is based. Furthermore, defendants argue that these kinds of "financial services" policies or products are governed instead by a Registered Representative Agreement that has no non-compete provisions. At the outset, however, this Court observes that the Registered Representative Agreement is a contract between defendant Phillips and Farmers Financial Solutions, LLC, which is not a party to the case at hand. Defendants have not shown the Court just how and why defendant Phillips' agreement with a non-party is at all relevant to the construction and enforcement of the TRO. In any event, a variable universal life insurance policy, by definition, is a life insurance product and part of the "insurance business" of FNWL, even though, as defendants maintain, there may also be a financial services component to it. Solicitation of these policyholders was a direct violation of the TRO.

Although plaintiffs also seek an order that would specifically prohibit the solicitation of policyholders who hold variable annuities and other unspecified policies or products offered by plaintiffs, this Court declines to do so at this time. Again, the TRO is limited to the prohibition on soliciting . . . "insurance business." But there is simply not enough information before the Court to determine whether variable annuities and other unspecified products are indeed "insurance business" that are expressly subject to the non-compete clause, or whether they are solely "financial services" products that are not subject to the non-compete clause, or whether they are a hybrid of the two. In that

regard, this Court will entertain further briefing on the issue if the parties wish to press the issue further pending the eventual trial on the merits of the case (the parties having orally advised the Court that they wish to combine the hearing on the motion for preliminary injunction with the trial on the merits).

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Enforce Temporary Restraining Order is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendants' solicitation, servicing, and/or switching of Farmers New World Life Insurance Company's variable universal life insurance policies is in violation of the Court's TRO.

**IT IS FURTHER ORDERED** that:

(a) Defendants are hereby expressly notified that variable universal life policies issued by FNWL are covered by the May 27, 2009, Temporary Restraining Order;

(b) Defendants are hereby expressly notified that the Court's May 27, 2009 Temporary Restraining Order prohibits them from, among other things, soliciting, servicing, or accepting business from any person who was a policy holder of "insurance business" of record of FNWL on May 8, 2009;

(c) Defendants are required to immediately cease providing services – either directly or indirectly – to Chelsea Edmundsom, Robert Mielke and Lezza Edmundson and take all steps necessary to divest themselves of any dealings with these insureds;

(d) Within ten (10) calendar days of the date of this Order defendants must provide plaintiffs with a complete listing of any and all "Life Insurance Illustrations" that they have issued to any person holding a variable universal life policy or any other kind of insurance policy, issued by any of the plaintiffs since May 8, 2009.

**IT IS FURTHER ORDERED** that defendants shall pay plaintiffs $500 as sanctions for each of

the three insureds (Chelsea Edmundson, Robert Mielke and Lezza Edmundson) who were improperly solicited, serviced, and/or switched in violation of the Court's TRO for a total of $1,500 in sanctions. These sanctions do not prohibit plaintiffs from seeking and recovering damages for defendants' solicitation, servicing and/or switching of these insureds.

**IT IS FURTHER ORDERED** that Plaintiffs' are entitled to their reasonable attorney's fees in seeking, filing and obtaining this Order. Within ten (10) calendar days from the date of this Order, Plaintiffs should file an affidavit of the fees they seek in this regard. The Court will then enter an appropriate Order.

Dated this 23rd day of February, 2010.

**UNITED STATES DISTRICT JUDGE**